**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:22-cr-129 |
| ANDRE RASHEED BARNES, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant Andre Rasheed Barnes' Unopposed Motion for Psychiatric and Psychological Examination. Doc. 66. The Court held a hearing on this matter on December 20, 2022. Doc. 68. After this hearing, Carmen J. Rodriguez, Psy.D., Clinical & Forensic Psychologist, conducted a psychiatric evaluation of Defendant and authored a report ("the Psychiatric Report") summarizing her findings. Doc. 84. The parties have now stipulated to the findings in the Psychiatric Report and no additional hearing is needed. Based on the entire record in this case, including the Psychiatric Report, I find Mr. Barnes is capable of understanding the charges against him and meaningfully consulting with his attorney about his defense. Therefore, I **RECOMMEND** the Court find that Defendant Barnes is competent to stand trial and proceed with this case.

## BACKGROUND

The United States charges Mr. Barnes by way of Indictment with Count One: Stealing of Keys Adopted by the Post Office, 18 U.S.C. § 1704; and Count Two: Robbery of Mail, Money or Other Property of the United States, 18 U.S.C. § 2114. Mr. Barnes appeared for his initial

appearance and arraignment on September 28, 2022.  On December 13, 2022, Defendant's

counsel filed an Unopposed Motion for Psychiatric and Psychological Examination.  Doc. 66.

The Court conducted a hearing on the Motion on December 20, 2022.  Defendant's counsel

subsequently filed a Notice of Insanity Defense (Rule 12.2(a)) and /or Notice of Expert

Testimony of Defendant's Mental Disease, Defect, or Condition (Rule 12.2(b)) on December 22,

2022.  Doc. 69.   After hearing from the parties, it was ordered that Defendant would be

committed to BOP for a psychological examination.  Specifically, the Court issued an order

based on 18 U.S.C. § 4247(b) and (c) granting Defendant's motion and ordering that Mr. Barnes

be evaluated by a psychiatrist or psychologist under 18 U.S.C. §§ 4247(b) and (c).  Doc. 70.

Pursuant to the Court's Order for Psychological Examination, Carmen J. Rodriguez,

Psy.D., Clinical and Forensic Psychologist, for the Federal Bureau of Prisons at the Federal

Detention Center in Miami, Florida (FMC), evaluated Mr. Barnes from January, 2023 to March,

2023, and provided a report of her evaluation to the Court.  Doc. 84.  In her report, Dr.

Rodriquez explained that, based on her evaluation, she is of the opinion that Defendant Barnes is

competent in that Mr. Barnes can understand the nature and consequences of the proceedings

against him and assist properly in his defense.  Dr. Rodriguez is of the opinion, as stated in her

report, that Mr. Barnes is competent to stand trial.  Dr. Rodriguez also expressed the opinion that

Mr. Barnes was responsible for his behavior at the time of the offense, and, therefore, he was

sane at the time of the alleged offense.

Following the review of Dr. Rodriguez's report, the parties filed a Stipulation Regarding

Competency with the Court on March 27, 2023, doc. 85, stating the parties stipulate to the

findings of Dr. Rodriguez's report, they have no objection to the Psychiatric Report, and

stipulate Defendant does not suffer from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him.  The parties stipulate that Defendant was sane at the time of the offense and that Defendant is currently competent to proceed in this case.

## DISCUSSION

"[C]ompetence is the base upon which other constitutional rights balance[.]"  United States v. Wingo, 789 F.3d 1226, 1228 (11th Cir. 2015); see also Cooper v. Oklahoma, 517 U.S. 348, 354(1996) (The United States Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).  A defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence.  Cooper, 517 U.S. at 355; Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005).  The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'"  Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky

v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995).  Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . ." United States v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)).  "Incompetency to stand trial is not defined in terms of mental illness.  As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill."  United States v. Williams, No. 5:06-cr-36, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

After an extensive evaluation, Dr. Rodriguez formed the opinion that Mr. Barnes is competent to stand trial in this case.  Dr. Rodriguez reached this conclusion after observing and speaking with Mr. Barnes, reviewing his medical records and criminal history, and conducting various tests.  There is no evidence in the record that contradicts Dr. Rodriguez's conclusions.  Indeed, at this point, neither Mr. Barnes nor the Government dispute Mr. Barnes' competency.  While the undersigned had reasonable cause to believe Mr. Barnes may have suffered from a mental disease or defect at the time I ordered Mr. Barnes' competency evaluation, Dr. Rodriguez's thorough evaluation and the lack of any contradictory evidence have removed any concerns or doubt about Mr. Barnes' competency.  The undersigned agrees with Dr. Rodriguez's conclusion that Mr. Barnes understands the nature and consequences of the charges against him,

can properly assist in his defense, and, therefore, is competent to stand trial.  Additionally, I find that Mr. Barnes was responsible for his behavior at the time of the offense.  I, therefore, **RECOMMEND** the Court find that Mr. Barnes is competent to stand trial and was sane at the time of the offense.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court find that Mr. Barnes is competent to stand trial and was sane at the time of the offense, and conclude that this matter may proceed to trial.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of

Court to serve a copy of this Report and Recommendation upon the parties.

       **SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of April, 2023.


_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA